UNITED STATES DISTRICT COURT
FOR THE STATE OF NEBRASKA

| | |
|---|---|
| KIRK D. SCHIRRA and ADRIANNE J. SCHIRRA, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UROLOGY CENTER, P.C., a Nebraska Corporation, and STEPHEN LIM, M.D., an Individual,<br><br>Defendants. | Case No. 8:13-CV-83<br><br><br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL** |

COME NOW the Plaintiffs and for their causes of action against Defendant state:

1. Kirk D. Schirra was an otherwise healthy individual who was injured as a result of the negligent acts and omissions of the Defendant's employee/agent or about March 21, 2011 and thereafter. He is at times herein referred to as "Plaintiff".

2. Plaintiff Adrianne J. Schirra is an individual who at all times material was married to the Plaintiff. They are the parents of four children and were living together as husband and wife on March 21, 2011 and since. She brings her separate and independent claim for loss of consortium due to the injuries and harm done to her husband, the Plaintiff.

3. The Plaintiffs are citizens of the state of Ohio. The Defendants include a citizen of the state of Nebraska and a corporation incorporated under the laws of Nebraska with its principal place of business in Nebraska. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4. Stephen Lim, MD is a practicing medical doctor who performed a vasectomy on the Plaintiff on or about March 21, 2011 in Omaha, Douglas County, Nebraska. He at the time was employed by and/or was an agent, owner, member and/or representative of

Defendant, The Urology Center, P.C. His conduct, decisions, care and treatment, or lack thereof, are attributable to Defendant under the doctrine of respondeat superior.

5. The Defendant, The Urology Center, P.C., is a for profit corporation consisting of a medical group delivering professional urological/medical services. It employed Dr. Lim on or about March 21, 2011. It also employed nurses and other health care staff who were involved in Plaintiff's vasectomy procedure, his post-surgical care and treatment and his subsequent contact and report of symptoms and request for care from and after March 21, 2011. Like Dr. Lim, the conduct, acts, omissions and decisions of these employees are attributed to Defendant under the doctrine of respondeat superior.

6. On or about March 21, 2011 Defendant Lim performed a vasectomy. The procedure revealed normal anatomy except for left cord/testicle high riding and thicker than right.

7. On March 29, 2011 the patient reported problems from the vasectomy. He noted swelling and bruising and soreness and was directed to use ice and ibuprofen.

8. Over the next days and weeks Plaintiff and his wife continued to note ongoing symptoms including night sweats, chills and other infection related symptoms. On or about April 14, 2011 Adrianne J. Schirra spoke with a nurse at Defendant Urology Center. The nurse was abrupt with her and summarily concluded that the symptoms were not related to the vasectomy. This nurse did not consult with Dr. Lim or any other physician.

9. Adrianne J. Schirra spoke with Dr. Stephen Lim's wife, Carol Lim, and shared concerns about her husband's symptoms. Carol Lim assured Adrianne J. Schirra that she would speak with Dr. Lim. On Easter Sunday, April 24, 2011, at Sunday mass at St. Margaret Mary's Church, Plaintiff's symptoms were so severe that he had to leave. He

àgain called the clinic and was told to come in. That "drop in" was never charted by Defendants.

10. On May 3, 2011 Plaintiff again appeared at the clinic reporting that he believes he had an infection from the vasectomy. He again reported symptoms of swelling, nausea, vomiting, fevers, chills, sweating and other symptoms. Dr. Lim on May 3, 2011 after reviewing the patient's presentation recorded "I should have been paged about this."

11. On May 4, 2011 Plaintiff was again seen by Defendants with evidence of swelling and soreness accompanied with fatigue and chills.  The impression was right epididymis. Plaintiff again questioned to Defendant's the relationship between his symptoms and the March 21, 2011 vasectomy.

12. On May 4, 2011 Cipro was prescribed. Cipro is ineffective in treating staphylococcus loomed in any cysts bacteremia which was the infection plaintiff had been suffering from.

13. On May 14, 2011 Plaintiff was evaluated in the emergency room at Nebraska Methodist Hospital. The diagnosis included possible sepsis associated with scrotal fluid/infection. Ultrasound of the scrotum revealed increased vascularity in the right testicle.

14. Through pathology testing the positive blood culture for Staphylococcus Lugdunesis bacteremia was confirmed on May 18, 2011. Plaintiff had been hospitalized since May 15, and was discharged on May 22, 2011. His symptoms continued.

15. Plaintiff was ultimately admitted for aortic valve replacement and implantation of a pacemaker.

16. Plaintiff incurred hospital, medical and prescription medication costs associated with the above described health care to date in excess of $335,889.84.

`     17.    Defendant, as a medical group and by and through its employees including Dr. Lim and others, violated the applicable standards of medical, surgical and urological care during and after a bilateral vasectomy resulting in permanent injury to Plaintiff. Defendants' conduct and that of its health care providers was not what a reasonable practitioner would do under the same or similar circumstances in the same or similar community. Specifically, Defendant's employees, agents, representatives and health care providers committed surgical/medical, nursing, organizational, systemic and organizational negligence in one or more of the following particulars:

- A. Failing to conduct the procedure in a reasonable manner;
- B. Failing to follow the patient in an appropriate manner post-operatively;
- C. Failing to properly assess the patient post-operatively;
- D. Failing to properly evaluate the patient's symptoms and concerns post operatively;
- E. Failing to timely refer the patient;
- F. Failing timely and appropriately prescribe and administer antibiotic therapy;
- G. Failing to warn the patient or his wife;
- H. Failing to implement and have in place policies and procedures to assess post-operative vasectomy patients;
- I. Failing to communicate effectively and timely;
- J. Failing to properly train, supervise and direct its health care providers including, but not limited to, its nursing staff and telephone call in services.;
- K. Failing to deliver reasonable care; and

` L. Such other acts and omissions of negligence as may be discovered during the prosecution of this action.

18. As a result of the Defendant's negligence and the negligence of its employees, Plaintiff's heart valve became infected requiring multiple hospitalizations, surgeries, implantation of a pacemaker, heart valve replacement and other bodily harms. As a further result, he has in the past and shall continue in the future to incur medical/hospital bills for treatment reasonably necessitated by Defendants' medical negligence, which to date exceed $335,889.00, conscious and physical pain and mental suffering; past and future stress, worry and anxiety; past and future income loss and diminished earning power; past and future loss of bodily function, scarring and disfigurement; and other injuries and damages.

19. Plaintiff's spouse, Adrianne J. Schirra, brings her separate and independent claim for loss of consortium to include loss of aid, comfort, support, companionship, society and affection.

20. Defendant may have elected to qualify as a health care provider under the Nebraska Hospital-Medical Liability Act. Plaintiff waives all proceedings under the Act and elects to file this action directly in the district court. A copy of the Complaint is being sent to the Nebraska Department of Insurance.

WHEREFORE, Plaintiffs prays for judgment in favor of Plaintiffs and against Defendants in an amount that will adequately, but not excessively, compensate them for their general and special damages, court costs and such other and further relief as is justified.

DATED this 12th day of March, 2013.

`              KIRK D. SCHIRRA and ADRIANNE J. SCHIRRA, Husband and Wife, Plaintiffs

By:   */s/ Steven H. Howard, #18582*
Steven H. Howard, #18582
Dowd Howard & Corrigan, L.L.C.
1411 Harney Street, Suite 100
Omaha, Nebraska 68102
steve@dowd-law.com
(402) 341-1020

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

COME NOW the Plaintiffs and demand trial by jury, and designate Omaha, Douglas County, Nebraska as the place of trial.

         */s/ Steven H. Howard*, #18582
         Steven H. Howard

cc:   Bruce Ramge, Director
    Nebraska Department of Insurance
    Terminal Building
    941 O Street, Suite 400
    Lincoln, NE 68508-3639